UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:   0:14-cr-60092-KMM-1

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSE EMMANUEL TORRES,

    Defendant.

_____/

## DEFENDANT'S SENTENCING MEMORANDUM, MOTION FOR DOWNWARD DEPARTURE AND REQUEST FOR A REASONABLE SENTENCE

COMES NOW, the Defendant, JOSE EMMANUEL TORRES, by and through undersigned counsel, and pursuant to U.S.S.G. Section 2B 1.1, application note 19(C) and 18 U.S.C. § 3553(a), and hereby moves this Honorable Court for a downward departure and/or a variance below his otherwise advisory guideline and imprisonment range and in support of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2). As grounds in support of this Motion, Mr. Torres states as follows:

### SENTENCING OPTIONS

As a result of the Supreme Court decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the Sentencing Guidelines are now "effectively advisory" in all cases. *Id.* at 757. The result is that a District Court must now "consider guideline ranges", but may "tailor the sentencing in light of other statutory concerns as well." *Id.* at 757. Thus under *Booker*, sentencing courts must treat the Guidelines as just one of a number of sentencing

factors set forth in 18 U.S.C. §3553(a). The basic mandate and overriding principle of §3553(a) requires a District Court to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in §3553(a)(2):

    (a)    retribution ("to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense");

    (b)    deterrence ("to afford adequate deterrence to criminal conduct");

    (c)    incapacitation ("to protect the public from further crimes of the defendant"); and,

    (d)    rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.")

In determining what sentence is sufficient, "but not greater than necessary" to comply with § 3553(a)(2) purposes of sentencing, the sentencing court is further directed to consider the following factors:

    (1)    "The nature and circumstances of the offense and the history and characteristics of the defendant";

    (2)    "The kinds of sentences available";

    (3)    "The Guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range;

    (4)    "The need to avoid unwarranted sentencing disparity among defendants who have been found guilty of similar conduct", and

    (5)    "The need to provide restitution where applicable. 18 U.S.C. § 3553(a)(1), (a)(3)-(7)."

Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight than any other factor. However, what is clear is that all of these

factors are subservient to § 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.  A sentencing court is further guided by 18 U.S.C. § 3582, which provides that in determining whether and to what extent imprisonment is appropriate based on the § 3553(a) factors, the judge is required to "recognize that **imprisonment is not an appropriate means of promoting correction and rehabilitation**" (emphasis added).

In *Gall v. United States*, 552 U.S. (2007) No.: 06-7949, the Court basically cleared the way for judges to impose sentences below the specified range and still have punishment regarded as "reasonable."  Justice Stevens told Federal Appeals Courts to use a "deferential abuse-of-discretion standard" even when a trial court sets a punishment below the range.  The *Gall* decision overturned a ruling by the Eighth Circuit Court that a below-guideline sentence would be reasonable only if justified by "extraordinary circumstances."

### APPLICATIONS OF SENTENCING FACTORS TO THE FACTS OF THIS CASE AND REQUEST FOR DEPARTURE

The Defendant, Jose Emmanuel Torres, (hereinafter referred to as "Jose"), through undersigned counsel, urges this Court to consider the following mitigating factors when determining  what sentence is "sufficient, but not greater than necessary", to satisfy the purposes of sentencing:

**History and Characteristics of the Defendant:**

Jose is currently thirty-eight (38) years of age, and currently resides in the Middle District of Florida.  At the age of twenty-two (22), Jose entered the U.S. Marine Corps, completing his basic training in South Carolina.  He was subsequently deployed in Japan,

the Philippines, South Korea, Australia, Iraq, as well as other classified regions. *See,* Presentence Investigative Report, hereinafter referred to as "PSIR". Over the course of his military career he rose to the rank of an E-7 and served as a Gunnery Sergeant. As a result of his unfortunate arrest he was demoted to E-3 and recently received an "other than honorable" discharge on August 5, 2014 and will not be receiving any further military benefits.

Jose has seen combat in Iraq, being deployed there twice between 2008 and 2010. Jose experienced death and violence first hand during his military career.

Jose was ultimately assigned to the Department of Defense, Defense Intelligence Agency (hereinafter referred to as "DIA"). Jose worked closely with agents from the Department of Homeland Security, Immigration and Customs Enforcement (hereinafter referred to as "ICE"), the Drug Enforcement Administration (hereinafter referred to as "DEA"), as well as Customs and Border Protection (hereinafter referred to as "CBP"). Jose assisted said agencies in collecting intelligence regarding persons who were allegedly involved in terrorism and drug trafficking. Jose participated in interviews of individuals in furtherance of said endeavors.

During his military career, Jose has been treated for physical and psychological purposes. *See,* Psychological Sentencing Evaluation by Matthew J. Jalazo, Psy.D., dated September 11, 2014, and published September 14, 2014. [1]

Dr. Jalazo has revealed in his report that Jose has suffered from multiple instances of anxiety and possibly signs of PTSD. *Id. at 5.* Specifically, Dr. Jalazo

---

[1] Jose has waived HIPPA with reference to his personal, psychological, and physical treatment history, with Dr. Jalazo (*see* Sentencing Evaluation), and also with undersigned counsel. Jose has expressly consented to the revelation of his personal health factors so that this Court may make a well informed sentencing decision.

4

diagnosed Jose in accordance with the DSM-5 index, 309.28, with Adjustment Disorder With Mixed Anxiety and Depressed Mood. *Id.* at 1.

Jose also suffers from debilitating pain which radiates from his lower back into his lower extremities. He has been suffering with this condition, to an extreme degree, since May 2013. Besides nerve blocks, he is being treated with a medication regimen consisting of Tylenol 3, Methcarbamol, Gabapentin, Oxycodone, and Naproxen. These medications are being prescribed by Dr. Stephen Gervin. *See,* PSIR at ¶P. 82, page 14. In May 2014, Jose underwent a facet rhizotomy which attempted to deaden the nerves which cause the affliction of extreme pain in said areas. *Id.*

On May 28, 2014, Jose pled guilty to Counts I and II of a Two-Count Information. Count I: Bribery of a Public Official, in violation of 18 U.S.C. Section 201(b)(2)(A), and Count II: Fraud and Related Activity in Connection with Computers, in violation of 18 U.S.C. Section 1030(a)(2)(C) and 1030(c)(2)(B)(i). The Information also includes a Forfeiture Count.

Jose has no objections to the offense conduct as outlined in the Stipulation of Facts and the PSIR. The total offense level, prior to any departure or variance, is twenty-two (22). Jose has no criminal history, and therefore, he currently scores 41-51 months of incarceration as a possible sentence.

### Military Service:

In the landmark case of *Kimbrough v. United States*, 128 S.Ct. 558 (2007), the appellate court found that the district court was not unreasonable in giving a below guideline sentence to a mandatory minimum of fifteen (15) years where the defendant "had served in combat during Operation Desert Storm and received an honorable

5

discharge from the Marine Corps." In *United States v. Howe*, 543 F.3d 128 (3rd Cir. 2008), a mail fraud case with a loss of One Hundred Fifty Thousand Dollars ($150,000.00) and guidelines of eighteen to twenty-four months, the court held that a sentence of probation with three months home detention was not unreasonable in part because of Howe's twenty years of military service followed by an honorable discharge. It is interesting to note that even pre-*Booker*, the courts departed downward for extraordinary military service. *See*, *United States v. Pipich*, 688 F.Supp. 191 (D.Md. 1988), a mail theft case where the court departed downward because the defendant was in the Marine Corps and served in combat in Vietnam for one year.

*See* also, *United States v. McCaleb*, 908 F.2d 176 (7th Cir. 1990), where the court held that departure for military service might be warranted under some circumstances, and *United States v. Neil*, 903 F.2d 564, 566 (8th Cir. 1990), where the court also stated that military service might warrant departure in certain cases.
In *United States v. Claudio*, CR.No. 9244 (D.Ore. October 4, 1993), Judge Owen Panner departed downward from the Guidelines because of the defendant's "extraordinary" military service. Similarly, in *United States v. Leigh*, Cr 91-96-FR (D.Ore.), Judge Helen Frye granted a substantial downward departure in a bank robbery case based in part on prior military service.

In the case at hand, Jose faithfully served his country in various capacities within the Marine Corps for sixteen (16) years and has led an otherwise honorable life with absolutely no contact with the criminal justice system prior to this case. Therefore, Jose seeks a departure based upon said circumstances. *See* U.S.S.G. § 5H1.11.

6

**First Offender Status:**

Jose has no criminal history. In *United States v. Paul*, 2007 W.L. 2384243 (9th Cir. Aug. 17, 2007) (unpub.) a within guideline sentence of 16 months (high end) for taking government money was found to be unreasonably high, in part because Paul was "a first-time offender with absolutely no criminal record whatsoever". Consideration of this factor is consistent with §3553's directive that the sentence reflect the need for "just punishment," *id.* § 3553(a)(2)(A), and "adequate deterrence," *id.* § 3553(a)(2)(B)".

**Jose Behaved Exceedingly Well While Under Pre-Trial Services Supervision:**

In *U.S. v. Baker*, 502 F.3d 465 (6th Cir. 2007), where defendant pled guilty to possession of unregistered firearm arising from altercation with wife during which gun accidentally discharged and guideline range was 27-33 months, a below-guideline sentence of probation with one year house arrest was proper in part because he behaved "exceedingly well while under supervision of pre-trial services".

**Ruination of Reputation:**

Jose was a proud Marine who, prior to this case, served his country honorably in the face of danger. At this time, he is a broken man. He is ashamed of himself, and for the position he put his family and himself in. Further, he is ashamed of the blemish that he caused in light of his misguided behavior.

In *U.S. v. Adelson,* 441 F.Supp.2d 506 (SDNY 2006) the Court, in a securities fraud case where the guidelines called for life, the court imposed a 42 month sentence, noting that factor of specific deterrence accounted for because "With his reputation ruined by his conviction, it was extremely unlikely that he would ever involve himself in future misconduct".

The stigma of a felony conviction is devastating. The stigma of a felony conviction will follow Jose for his entire life. Opportunities provided to those who are not convicted will never be within Jose's reach; namely, education, financial opportunities, employment, licensing, or social memberships, to say the least. *See U.S. v. Smith*, 683 F.2d 1236, 1240 (9th Cir. 1982) finding that "The stigma of a felony conviction is permanent and pervasive."; *see also,* Ernest Drucker, ***A Plague of Prisons*** (The New Press 2011), at p. 130 ("Having served their formal sentences, ex-prisoners will endure new forms of punishment capable of generating more anger, more shame, and the scars of permanent social stigma…most states…bar many ex-felons from living in public housing, from working in a wide variety of jobs, professions, and from receiving a range of forms of public assistance including school subsides, income support and food stamps…These [are] enduring disabilities...").

## **CONCLUSION**

For Jose Torres, this is the worst of times. He will be sentenced and labeled as a convicted felon for the rest of his life. He faces sentencing with the realization that he will lose his good name. To say he is remorseful is an understatement. He, in no way, shape, or form fits the profile of a possible reoffender. We pray that Your Honor provides Jose with a sentence that is fair and just. Please consider his years of military and public service to our country. His behavior was aberrant, and for lack of a better description, it was stupid.

Notwithstanding the above, the fact remains that Jose Torres will be punished for his past misdeeds, and the question remains: what is sufficient but not greater than necessary to comply with the sentencing directives? Judge Moore, in answering this

question, we implore you to be merciful when sentencing this otherwise good and decent man who gave his life to his country.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed using CM/ECF with the Clerk of the Court and furnished by electronic mail delivery using CM/ECF this 18th day of September, 2014: to all parties of record.

| | |
|---|---|
| RICHARD A. MERLINO, P.A. | MARTIN L. ROTH, P.A. |
| 101 N. E. Third Avenue, Suite 1430 | 101 N. E. Third Avenue, Suite 1430 |
| Fort Lauderdale, Florida 33301 | Fort Lauderdale, Florida 33301 |
| Telephone:  954-467-8989 | Telephone:  954-745-7697 |
| Facsimile:  954-745-7698 | Facsimile:  954-745-7698 |
| E-Mail:  richmerlinoesq@gmail.com | E-Mail: mlrpa@msn.com |
| | |
| By: */s/ Richard A. Merlino* | By: */s/ Martin L. Roth* |
| Richard A. Merlino | Martin L. Roth |
| Florida Bar.:  0977640 | Florida Bar.: 265004 |