UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60092-CR-MOORE

UNITED STATES OF AMERICA

v.

JOSE EMMANUEL TORRES,
     Defendant
_____/

GOVERNMENT'S OPPOSITION TO DEFENDANT TORRES'
MOTION FOR DOWNWARD DEPARTURE AND VARIANCE

  The United States, by and through its undersigned counsel, hereby opposes Defendant Torres' Motion for Downward Departure and Variance, and states as follows:

  On February 3, 2014, defendant Torres was arrested and charged by a criminal complaint with Federal Bribery, in violation of Title 18, U. S. C., § 201(b)(2), Fraud and Related Activity in Connection with Computers, in violation of Title 18, U.S.C. §1030(a)(2)(B) and (C) and (c)(2)(B)(i)and (ii), and Extortion Under Color of Official Right, in violation of Title 18, U.S.C. § 1951.  On May 28, 2014, defendant Torres pled guilty to a two-count Information.  The presentence investigation report was prepared by the US Probation Office and it reflects an advisory sentencing guideline range of 41-51 months.  Defendant Torres filed a sentencing memorandum requesting a downward departure and the memorandum suggested that the defendant may be entitled to a sentencing variance.  The government contends that the sentencing guideline range of 41-51 months is reasonable and that the Court not depart below that range.

1

The defendant seeks a downward departure based upon his prior military service. In 1991, the Sentencing Commission enacted Section 5H1.11, which stated that military service is not normally a factor in determining whether a downward departure was warranted. In November 2010, the Sentencing Commission amended Section 5H1.11 to state that "military service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." Thus, this Court may consider the defendant's military service. The defendant cites cases where a person's military background was considered as a factor in ultimately granting a downward departure. *Kimborough v. United States*, 128 S. Ct 558 (2007) (the primary issue was whether the 100:1 ratio for crack cocaine to powder cocaine overstated the defendant's guideline range); *United States v. Howe*, 543 F. 3d 128 (3rd Cir. 2008)(the defendant's military service was one of many factors, including that the incident was an isolated mistake and that the defendant had expressed exceptional remorse); and *United States v. Pipich*, 688 F. Supp 191(D. Md. 1988)(the defendant, had received 2 Purple Hearts and 45 Air Medals in Vietnam and received a downward departure to probation from 1-7 months where the government took no position at sentencing). Unlike the defendant in this case, in each of the cases cited the defendants committed their offenses after they had completed their military service. Two of the cited cases note that the defendant's were honorably discharged from the military. The defendant in this case was not honorably discharged from the military. The defendant in this case committed the offenses while on active duty. As the defendant in this case would readily admit he brought shame upon himself, but, unlike the defendants in the cases cited, the defendant's actions also brought shame upon the United States military, particularly the United States Marine Corps.

The defendant's actions are particularly troubling given the nature of the crimes and the defendant's position in the military when he committed the crimes. The defendant was in military intelligence. He had received special training and in January 2012 was assigned to the Department of Defense, Defense Intelligence Agency (DIA). As part of his official duties the defendant collected intelligence regarding persons allegedly involved in terrorism and drug trafficking. The defendant received a top secret clearance that enabled him to receive top-secret information. The defendant utilized his highly sensitive position to extort an individual who was attempting to provide information to the government regarding drug trafficking and terrorism. The victim was having issues with US immigration and was concerned that if he was returned to his/her home country that his/her life may be in jeopardy. The defendant took advantage of the victim's precarious situation and solicited the bribe promising to help the victim with his immigration case. The victim then contacted the government and began cooperating (hereinafter the victim will be referred to as the "CW"). The defendant, knowing the CW's drug contacts, also conspired with the victim to "rip off" a drug dealer and money launderer. During the course of the planning for the drug "rip," on three occasions, the defendant caused other government agents, who were unaware of the scheme, to utilize protected government computers in order to obtain classified information allegedly to further the scheme. The defendant also provided the CW a fraudulent DEA form, which claimed that the cash seizure was the result of profits from an illegal drug trafficking business in the North Atlantic area.

The defendant's actions, while he was a military intelligence agent, tainted his whole military career. Thus, he should not receive a downward departure. Also, the 18 U.S.C. § 3553 factors do not support a downward variance. As noted above, the nature of the crimes to which the defendant pled guilty are very serious, especially considering the defendant's position with

military intelligence.  Given the nature and seriousness of the offense, the sentencing guideline range of 41-51 months is not particularly high.  The Court needs to impose a sentence that will promote respect for the law and afford a general deterrence to those persons who contemplate committing similar offenses.  General deterrence is important as it must be known to the others, not only in the military, but at all levels of government, that those entrusted with positions within the government must not be tempted to abuse their power.

      The defendant's memorandum sets forth others factors that he believes this Court should consider in varying from the advisory guideline range.  Those factors include: 1) the defendant's first offender status; 2) the defendant's behavior while on pre-trial release; and 3) the ruination of the defendant's reputation.  These factors individually or collectively should not be a basis for a guideline variance.  The first offender status is taken in consideration in calculating the defendant's criminal history category.  The defendant's behavior on pre-trial release is what is expected of him and every other defendant that is on pre-trial release.  Lastly, the defendant was aware or should have been aware at the time that he engaged in his criminal offenses that the eventual discovery of those offenses would ruin his reputation.  The defendant took a calculated risk that he would not get caught.  The defendant should not be rewarded for taking such a risk.

      The defendant also mentions on page 4 of his memorandum that a psychiatrist has stated that the defendant has suffered from multiple instances of anxiety and signs of Post-Traumatic Stress Disorder (PTSD).  The psychiatrist did not diagnose the defendant as having PTSD.  Instead, PTSD is set forth in the psychiatrist's report because it was mentioned as a possible condition when the defendant received mental health services in March 2014, as part of the defendant's separation from the military.   There is no evidence that any medical condition

4

caused the defendant to commit the crimes to which he plead guilty. Thus, the defendant's medical history cannot be a basis for a downward departure.

## Conclusion

For the foregoing reasons the government requests that the Court denies the defendant's motion for downward departure and request for variance.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   s/Jeffrey N. Kaplan
JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY
COURT NO. A05500030
500 E. Broward Blvd., 7th Flr
Ft. Lauderdale, Fl 33394
(954) 660-5695
(954) 356-7230
jeffrey.kaplan@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned electronically filed the foregoing document with the Clerk of Court using CM/ECF this 22nd day of September, 2014 to movant's counsel, Martin Roth.

s/Jeffrey N. Kaplan
JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY